# UNITED STATES DISTRICT COURT

### DISTRICT OF NEW JERSEY

<table>
<tr>
<td><b>CHAMBERS OF</b><br><b>Stacey D. Adams</b><br><b>UNITED STATES MAGISTRATE JUDGE</b></td>
<td><b>FRANK R. LAUTENBERG U.S. POST</b><br><b>OFFICE & COURTHOUSE BUILDING</b><br><b>2 FEDERAL SQUARE</b><br><b>NEWARK, NJ 07102</b><br><b>973-645-6121</b></td>
</tr>
</table>

**June 24, 2026**

### <u>LETTER ORDER PURSUANT TO LOCAL CIVIL RULE 16.1</u>

RE:    **BIANCHI v. PATEL**
       **26-CV-2760-CCC-SDA**

Dear Counsel:

An initial scheduling conference pursuant to Fed. R. Civ. P. 16 shall be conducted via video conference on **August 19, 2026 at 2:30 p.m.** before Magistrate Judge Stacey D. Adams.  Microsoft Teams login credentials shall be provided.

Counsel is advised that the requirements of Fed. R. Civ. P. 26 will be enforced:

- At least **twenty-one (21) days** before the conference, counsel shall meet and confer pursuant to Fed. R. Civ. P. 26(f) and L. Civ. R. 26.1(b) (the "Rule 26(f) conference").

- At least **fourteen (14) days** after their Rule 26(f) conference and not later than **seven (7) days** prior to the initial pretrial scheduling conference, counsel shall jointly submit to the Court a proposed Joint Discovery Plan utilizing the attached form available here.

- The parties shall exchange the information set forth in Fed. R. Civ. P. 26 (a) within **fourteen (14) days** after their Rule 26(f) conference, and without the need for a formal discovery request.

- Compliance with L. Civ. R. 26.1(d) concerning electronic discovery is expected and will be strictly enforced.

At the conference, the Court will address scheduling of proposed motions.  No motions are to be filed without written permission from the Court, except for motions in lieu of Answer under Fed. R. Civ. P. 12 and motions seeking remand that must be filed within thirty (30) days of removal under 28 U.S.C. § 1447(c).  If any motions already have been filed, the movant shall file a letter immediately explaining the nature and purpose of the motion and its present status.

Requests for admission *pro hac vice* should be filed as motions and should indicate whether all parties consent to the admission.  Requests should also comply with Local Civil Rule 101.1(c) with regard to the contents of the proposed form of Order, the supporting certifications of local counsel,

1

and each proposed *pro hac vice* attorney. There should be one motion filed for each individual application or admission *pro hac vice*, rather than a combined motion for multiple admissions.

At the conference, all parties who are not appearing *pro se* must be represented by counsel who shall have full authority to bind their clients in all pretrial matters. Counsel shall also be prepared to discuss the merits of the case and shall have settlement authority. Clients or persons with authority over the matter shall be available by telephone. See L. Civ. R. 16.1(a).

Counsel for plaintiff(s) shall notify any party who hereafter enters an appearance of the above conference and forward to that party a copy of this Order.

The parties must advise this Court immediately if this action has been settled or terminated so that the above conference may be canceled.

Failure to comply with the terms of this Order may result in imposition of sanctions.

**SO ORDERED this 24th day of June, 2026.**

*s/ Stacey D. Adams*
Hon. Stacey D. Adams
United States Magistrate Judge

Orig:   Clerk
cc:      Counsel of Record

2

## ALTERNATIVE DISPUTE RESOLUTION IN THE
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Mediation is the Alternative Dispute Resolution (ADR) program in this Court. Mediation is governed by Local Civil Rule 301.1.  The mediation program under this rule is supervised by a judicial officer (at present United States Magistrate Judge Leda Dunn Wettre) who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation.  This may be done without the consent of the parties.  However, the Court encourages parties to confer among themselves and consent to mediation.  Moreover, you are reminded that, when counsel confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, one of the topics that must be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time.  However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial.  Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator.  If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator.

Mediation is non-judgmental.  The role of the mediator is to assist the parties in reaching a resolution of their dispute.  The parties may confer with the mediator on an ex parte basis.  Anything said to the mediator will be deemed to be confidential and will not be revealed to another party or to others without the party's consent.  The mediator's hourly rate is $300.00, which is borne equally by the parties.

If you would like further information with regard to the mediation program please review the Guidelines for Mediation, which are available on the Court's Web Site **www.njd.uscourts.gov** and appear as Appendix Q to the Local Civil Rules.  You may also make inquiries of the judicial officer responsible for supervision of the program.

3